UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ERIC J. PAYNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL NO: 5:07-CV-162 |
| | § | Judge Folsom/Judge Everingham |
| JOHN McHUGH, Secretary of the Army, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT JOHN McHUGH'S MOTION TO
STRIKE NEW EVIDENCE IN PLAINTIFF'S SURREPLY**

Defendant John McHugh, Secretary of the Army (Secretary), moves to strike new evidence that Plaintiff Eric J. Payne submitted or relied on for the first time in his surreply (doc. 62).

**OVERVIEW**

In its motion for summary judgment (doc. 54), filed back on November 5, 2009, the Army pointed out, among other things, that Payne had no evidence that he was disabled within the meaning of the Rehabilitation Act and that he could not have been taking Marinol at the time of the May 31, 2006 drug test because the undisputed evidence shows that he had run out of those pills by early-to-mid April 2006. *See* MSJ at 8, 16-20, 23. Payne had an opportunity to submit evidence on these issues when he filed his Response (doc. 59), but as pointed out in the Army's Reply (doc. 60), the evidence he provided fell far short of establishing a genuine issue of material fact for trial. Payne failed to demonstrate, for example, that any impairment or symptoms he may have experienced

substantially limited a major life activity on any long-term basis, and he completely failed to submit any evidence showing that he was taking or even had Marinol pills at or near the time of the May 31, 2006 drug test.  In his surreply, Payne relies on new evidence — including his own newly-minted affidavit — in a vain attempt to create a fact question on these issues.  The attempt fails on the merits (the new evidence still fails to show that Payne was disabled under the law or that he was terminated because of disability discrimination), but the Court need not get that far because the new evidence should not even be considered.

## ARGUMENT

**1.     The Court should strike Payne's new affidavit.**

Local Rules CV-7(b) and (d) contemplate that evidence may be submitted in support of a motion or a response brief, but not in support of a surreply.  *Compare* Local Rule CV-7(b) & (d) (both mentioning supporting documents) *with* Local Rule CV-7(f) (not mentioning supporting documents).[1]  Moreover, Local Rule CV-56 provides that a party may attach "proper summary judgment evidence" to a motion for summary judgment or in response to one, but it does not provide for such evidence to be attached to a surreply.  *See* Local Rule CV-56(a), (b), & (d) (providing that "relevant, cited-to excerpts of evidentiary materials should be attached *to the motion or the response*") (emphasis added).

The reasons for not allowing a non-movant to introduce new evidence at the

---

[1] While the Army attached deposition excerpts to its reply brief, this was not "new" evidence because these excerpts were offered merely to supplement excerpts from the same depositions that had already been introduced as part of the summary-judgment record.

surreply stage are clear: 1) because it is unfair for the non-movant to inject new evidence at the tail end of the briefing cycle without affording the moving party an opportunity to respond; and 2) because the briefing cycle must, at some point, come to an end. *See Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (court has discretion to refuse to consider evidentiary materials that are submitted without allowing the other side to respond). Moreover, the purpose of a surreply is to respond to issues raised *in the reply*, not to bring in new evidence responsive to points raised *in the original motion*. *See* Local Rule CV-7(f) (party may file surreply "responding to issues raised in the reply"). Payne's new affidavit (as Payne himself admits), *see* Payne Aff. ¶ 4, is responsive to arguments the Army raised in its original summary-judgment motion; in the affidavit Payne describes his alleged impairments and symptoms and attempts to state when he was allegedly taking Marinol. Payne offers no reason why he could not have given this information at the response stage. Accordingly, the Court should strike the affidavit. *See McKool v. Travelers Indem. Co.*, 2009 WL 3912524, at *1 n.1 (N.D. Tex. Oct. 25, 2009) (refusing to consider evidence attached to reply because doing so would deprive the other side an opportunity to respond).

2.     **The Court should strike the unauthenticated September 14, 2006 meeting notes Payne cites for the first time in his surreply.**

The Court should also strike the September 14, 2006 handwritten meeting notes (Notes) (Ex. S to Response) Payne cites in his surreply for the same reason Payne's affidavit should be stricken — because his attempt to introduce this evidence comes too

late.  While Payne attached the Notes as "Exhibit S" to his Response, he never cited them in the Response, *see* Exhibit Index to Response (doc. 59) at iii; the Notes, therefore, were not "proper summary judgment evidence."  *See* Local Rule CV 56(d) (defining "proper summary judgment evidence" as "*admissible* evidence *cited in* the motion for summary judgment or the response thereto") (emphasis added).  Instead Payne impermissibly cites the Notes for the first time in his surreply.

      The Court should also strike the Notes because Payne failed to authenticate them.  *See* Surreply (doc. 62) at 4 (merely citing the Notes without authenticating them).  The law is clear that unauthenticated documents do not constitute proper summary judgment evidence.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("unauthenticated documents are improper as summary judgment evidence"); *Richardson v. Oldham*, 811 F.Supp. 1186, 1198 (E.D. Tex. 1992) (striking unauthenticated documents from summary-judgment evidence).  Accordingly, the Court should not consider the Notes in ruling on summary judgment.

**3.     Alternatively, the Court should allow the Army an opportunity to file a response to Payne's surreply.**

      The Army believes that the proper course is for the Court to strike the new evidence attached and referred to in Payne's surreply.  The summary-judgment record and briefing in this case is already extensive, and Payne had his opportunity submit any evidence he wanted to his response brief but failed to do so.  *Cf. Spring Indus., Inc.*, 137 F.R.D. at 240 (party should not be allowed to cure defective motion by augmenting reply with new

evidence). If, however, the Court is not inclined to strike the new evidence, the Army would request an opportunity to file a response to the surreply, not to exceed five pages. Payne is unopposed to this alternative request.

### PRAYER

Accordingly, the Army respectfully asks the Court to strike Payne's affidavit (Ex. A to Surreply) and the September 14, 2006 notes (Ex. S to Response) from the record or, alternatively, to allow the Army an opportunity to file a response to Payne's surreply.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

Thomas E. Gibson
Assistant U.S. Attorney
Texas Bar No. 07875450
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1436 (fax)
tom.gibson@usdoj.gov

/s/
BY: Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

ATTORNEYS FOR DEFENDANT JOHN MCHUGH, SECRETARY OF THE ARMY

## CERTIFICATE OF SERVICE

      I certify that on December 18, 2009 a true copy of this document was served on plaintiff's counsel through use of the Court's electronic notification system.

/s/
Bradley Visosky

## CERTIFICATE OF CONFERENCE

      In accordance with Local Rules CV-7(i) and (h), I certify that on December 18, 2009, I conferred with Zac Duffy, counsel for plaintiff, concerning the relief requested by this motion.  Mr. Duffy indicated that he is opposed to the motion insofar as it asks the Court to strike the Payne affidavit and the Notes cited in Plaintiff's surreply, so discussions on that part of the motion have conclusively resulted in an impasse.  Mr. Duffy is unopposed to Defendant's alternative request to allow Defendant to file a response to Plaintiff's surreply.

/s/
Bradley Visosky