UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ERIC J. PAYNE, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL NO: 5:07-CV-162 |
| V. § | Judge Folsom/Judge Everingham |
| § | |
| JOHN McHUGH, Secretary of the Army, § | |
| § | |
| Defendant. § | |

**DEFENDANT JOHN McHUGH'S PRETRIAL PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant John McHugh, Secretary of the Army (referred to throughout as the "Army"), submits the following as his proposed findings of fact and conclusions of law:[1]

### PROPOSED FINDINGS OF FACT

1.  Eric Payne is a former federal employee of the Red River Army Depot (Depot) in Texarkana, Texas. He started work at the Depot on July 16, 2001 as a Basic Life Support Firefighter and was terminated from that position effective December 7, 2006 for illegal use

---

[1] Under the Court's Amended Scheduling Order (doc. 37), the parties were directed to prepare joint proposed findings of fact and conclusions of law in a non-jury case. For the reasons expressed in Defendant's Motion to Strike Plaintiff's Jury Demand (doc. 72) and in Defendant's Reply to the Motion to Strike the Jury Demand (doc. 78), the Army believes that Payne is not entitled to a jury on his claim for disability discrimination under the Rehabilitation Act. Payne agrees that he is not entitled to a jury for any claim he may be bringing under the federal-sector provision of the Age Discrimination in Employment Act. *See* Pl.'s Resp. to Def.'s Mot. to Strike Pl.'s Jury Demand (doc. 76). Should the Court find that Payne is entitled to a jury trial on all or part of his claim for disability discrimination under the Rehabilitation Act, the Army reserves the right to submit proposed jury instructions and questions on that claim at a later date.

of drugs. In this lawsuit Payne claims that the Army terminated him because of disability discrimination in violation of Section 504 of the Rehabilitation Act. He also claims that the Army terminated him in retaliation for his earlier filing of an EEO complaint alleging age discrimination, in violation of Title VII.

**Payne's history with marijuana**

2.   Payne has a long history with marijuana. In October 1987 he was charged with possession of marijuana by police in Idabel, Oklahoma, yet he did not disclose the arrest when applying for federal employment in 1990. In 1993, while working as a firefighter at the Naval Air Station in Oceana, Virginia, Payne tested positive for THC, the active ingredient in marijuana, as part of a random drug screen. In administrative proceedings related to this incident Payne admitted that he had used marijuana and that he had been diagnosed with a cannabis dependence. Later, in 2000, Payne was arrested for marijuana possession in Ashdown, Arkansas.

**Payne began working at the Depot in 2001.**

3.   In 2001 Payne applied for a firefighter position with the Army at the Depot. He did not disclose to the Army that he had earlier tested positive for marijuana use while he was working as a firefighter for the Navy. In his Declaration for Federal Employment, Payne was asked to list all of his convictions for the past 10 years. He simply wrote that he had been "charged with" carrying a concealed weapon (referring to an arrest in Arkansas in 2000), but he did not note that he was actually convicted of two offenses. He also failed to disclose on the Declaration form that in 2000 he had been convicted of assault and battery in Broken Bow,

Oklahoma.

4.     Based on the information Payne provided to the Army, Payne was hired as a Basic Life Support Firefighter, a testing-designated position, in the Depot's Fire and Emergency Services Division. He started work on July 16, 2001. About a year later he received an EMT certificate and became a firefighter/EMT with the Depot's fire department.

**In December 2004, Payne had a fight with an older worker at the Depot and later filed an EEO complaint based on age discrimination.**

5.     On December 1, 2004, Payne and another Depot employee had .an altercation after they arrived at work. Payne became upset with the other employee after they entered the depot on the same road and Payne perceived that the other employee cut him off as they were driving. According to a witness, in the fight Payne took swings at and hit the other employee, who had his hands in front of his face trying to defend himself.

6.     At the time of the altercation with , Payne was 38 years old and the other employee was 59. After the fight Payne felt that Depot security personnel treated him differently than the other employee, and on February 7, 2005, Payne filed a complaint with the EEO office alleging that he was discriminated against because he was the younger man. The EEO office dismissed the complaint because Payne was under 40 years old when he filed it.

**Payne's episodic problems with anxiety.**

7.     Afer the altercation, Payne claims that he became "nervous and stressed out." On December 14, 2004, he went to see Dr. Robert Chandler, his doctor since childhood, for treatment. Dr. Chandler gave Payne a prescription for Marinol, a controlled substance that is

usually prescribed for nausea and vomiting in cancer and AIDS patients. Marinol is essentially a synthetic form of marijuana, with similar effects. Payne filled the Marinol prescription immediately. The pills came in two bottles, each with 25 pills in them. The instructions on the bottle told Payne to take two pills per day. Payne finished all the pills in one bottle by December 27, 2004, leaving him with only 25, about a 12-day supply. According to Payne's wife, Jackie Payne, the pills were completely gone by early April 2006. The only Marinol prescription Payne ever filled was the one he filled in December 2004.

8. On April 11, 2006, Payne went to see Dr. Patricio Andres, a physician at the Depot's clinic, for an examination before returning to duty after he had taken leave. At this visit Payne told Dr. Andres that he felt "better than ever before" and "calmer." He also told Dr. Andres that he was taking Wellbutrin and Xanax, but he did not mention Marinol. Dr. Andres noted that Payne appeared "well, calm, rational, [and] cooperative" with no "abnormal physical signs of his anxiety disorder."

9. Payne claims that he suffers from a "stress and anxiety disorder," but throughout his tenure with the Depot Payne generally did not have problems breathing, bathing, eating, driving, speaking, walking, or working. His primary care doctor, Dr. Chandler, never told Payne not to drive or to not do any of the things that an ordinary person could do. According to Dr. Chandler, Payne generally did not have problems sleeping, and he "rarely" had panic attacks.

10. Payne claims that throughout his time at the Depot he had only two anxiety attacks, one in March 2005 and another "smaller one" in March 2006. These episodes would last anywhere

from two minutes to several hours. Despite these attacks, Payne testified that he was never unable to do his job as a firefighter, and he never received anything less than a superior evaluation from the fire department.

**On May 31, 2006, Payne tested positive for THC.**

11.     On May 31, 2006, Payne's name came up for a random urinalysis test. Deborah Brown, the testing coordinator, told Payne to note any medications he was taking on the back of the chain-of-custody form for the sample should the Medical Review Officer (MRO) call him with any questions. Payne did not write down any medications on the form or tell Brown he was on any drugs.

12.     Payne was left alone in the restroom to give the sample. Brown noted that the sample Payne gave did not register on the temperature strip and was "very clear." According to procedure, Brown called the security office to send a monitor for a second test. A security officer was with Payne when he gave the second sample. Unlike the first specimen, the bottle containing the second sample was warm to the touch and the sample registered on the temperature strip. There was also a "distinct difference in color from the first sample" — while the first sample was "very clear," the second one was "darker and yellow."

13.     Both of Payne's urine samples were sent to the Department of Defense's Drug Testing Laboratory in Fort Meade, Maryland. The results showed that the first sample was dilute and negative for illegal drugs. The second sample tested positive for THC, the metabolite found in marijuana.

14.     After Payne learned of the positive test result, he claimed that the result was caused by his use of Marinol. The MRO sought pharmacy and medical records from Payne to substantiate the claim. On June 15, 2006, Payne faxed to the MRO a copy of the bottle label from his Marinol prescription filled back in December 2004. Then, on June 23, 2006, the MRO received a note of the same date, purportedly from the office of Dr. Chandler, saying that Payne was "currently" being treated with Marinol. But when the MRO called Dr. Chandler's office to verify the note, Dr. Chandler's nurse said that she could not find any mention of Marinol in Payne's chart. So the MRO again asked Payne to provide his medical and pharmacy records; Payne told the MRO to stop "bothering him," to talk to his lawyer, and refused to release his records.

15.     The MRO confirmed Payne's test as positive for THC. Based on the MRO's finding, Larry Ford, the Director of Public Works for the Depot, decided that Payne should be removed from employment for use of illegal drugs effective December 7, 2006.

## PROPOSED CONCLUSIONS OF LAW

**Conclusions Related to Jurisdiction and Venue**

1.     The Court has federal-question jurisdiction over Payne's claim of disability discrimination, brought under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and his claim of retaliation, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Although Plaintiff asserts that his retaliation claim arises under Title VII, it actually must arise (if at all) under the provisions of the Age Discrimination in Employment

Act provisions applicable to federal employees, 29 U.S.C. § 633a. Payne did not, however, plead an ADEA claim.

2.    Venue properly lies in the Eastern District of Texas because the acts or omissions giving rise to Payne's claims occurred there. 28 U.S.C. § 1391; 42 U.S.C. § 2000e-5(f)(3).

**Conclusions Related to Payne's Claim for Disability Discrimination under Section 504 of the Rehabilitation Act**

3.    To prevail on a claim of disability discrimination under Section 504 of the Rehabilitation Act, Payne must prove that he was a qualified individual with a disability at the time of the adverse employment action and that he was terminated solely by reason of his disability. 29 U.S.C. § 794(a); *Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008).

4.    Under the Rehabilitation Act, a disability is a "physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such impairment; or being regarded as having such an impairment[.]" 29 U.S.C. § 705(9)(B). Merely having an impairment is not enough; to be disabled under the Act a plaintiff must show that the impairment substantially limits a major life activity. *See Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 194 (2002).

5.    Payne claims that he "suffers from a stress and anxiety disorder." Am. Compl. at ¶ 34. The evidence shows, however, that Payne's stress and anxiety did not substantially limit a major life activity at or near the time of his termination in December 2006. Accordingly, Payne was not disabled as a matter of law, so his claim for disability discrimination fails.

6. Even if Payne were disabled within the meaning of the Rehabilitation Act, the evidence shows that Payne was removed as a firefighter for the Depot effective December 7, 2006 because he had tested positive for THC, an illegal controlled substance, as part of a random drug screen on May 31, 2006. Payne simply has no evidence that the termination decision had anything to do with any disability he may or may not have had, and he certainly has not shown that he was terminated solely by reason of any alleged disability. Accordingly, Payne cannot prevail on his claim for disability discrimination even assuming that he was disabled.

**Legal conclusions relating to Payne's retaliation claim.**

7. Plaintiff also alleges that the Army terminated his employment as a firefighter in December 2006 in retaliation for his having earlier filed an EEO complaint alleging age discrimination in February 2005. He brings his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (as noted above the retaliation claim could only could be asserted under the Age Discrimination in Employment Act provisions applicable here, 29 U.S.C. § 633a, but Payne did not plead an ADEA claim).

8. The retaliation claim fails because filing a complaint of age discrimination is not a protected activity under Title VII. Title VII "prohibits retaliation only against individuals who oppose discriminatory employment practices or participate in complaints or investigations of employment practices prohibited by title VII." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 249 (5th Cir. 1997). Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin — it does not protect against age discrimination. *See Wakefield v. Children's Hosp.*, 2008 WL 3833798, at *4 (S.D. Ohio Aug. 13, 2008). Because

Payne neither alleged nor proved that the Army retaliated against him for opposing an employment practice based on a characteristic protected by Title VII, his retaliation claim must be dismissed as a matter of law. *See Lowrey*, 117 F.3d at 249; *Kurth v. Gonzales*, 469 F.Supp.2d 415, 424-25 (E.D. Tex. 2006).

9. Even assuming that Payne had brought a retaliation claim under the federal-sector provision of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, the retaliation claim should still be dismissed because Payne did not did not engage in a protected activity as a matter of law. At the time Payne filed his EEO complaint alleging age discrimination, he was only 38 years old. Under 29 U.S.C. § 631(b), however, the prohibitions established in the federal-sector provision of the ADEA are "limited to individuals who are at least 40 years of age." Payne was thus unreasonable as a matter of law in believing that the Army had violated the ADEA at the time he filed his age claim in February 2005, so his retaliation claim fails.

10. Even if Payne had brought his retaliation claim under the ADEA and engaged in a protected activity, his retaliation claim would still fail because there simply is no evidence that he was terminated in December 2006 because he had filed an EEO complaint alleging age discrimination over 22 months before. The evidence instead shows that Payne was terminated because he failed a random drug test in May 2006. The Army has a no-tolerance drug policy. It acted appropriately and in accordance with that policy by removing a firefighter who had tested positive for use of an illegal controlled substance while on duty.

**General Conclusions and Judgment**

10.     Because Payne has not proven any claim of disability discrimination or retaliation (and because she has no retaliation claim under Title VII as a matter of law), Defendant is entitled to judgment in its favor.

11.     The Court accordingly dismisses all of Plaintiff's claims with prejudice. Defendant shall recover his taxable court costs.

12.     The Court shall issue final judgment by separate instrument. FED. R. CIV. P. 58(a).

## CONCLUSION AND REQUEST FOR RELIEF

Accordingly, Defendant John McHugh, in his official capacity only, respectfully requests that the Court adopt these findings and conclusions, issue judgment in his favor, award him his taxable costs of court, and grant him such other and further relief to which he is entitled.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

/s/
BY:  Thomas E. Gibson
Assistant U.S. Attorney
Senior Litigation Counsel
Texas Bar No. 07875450
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1436 (fax)
tom.gibson@usdoj.gov

Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

ATTORNEYS FOR DEFENDANT JOHN MCHUGH, SECRETARY OF THE ARMY

## CERTIFICATE OF SERVICE

I certify that on March 2, 2010 a true copy of this document was served on plaintiff's counsel through use of the Court's electronic notification system.

/s/
Thomas E. Gibson