IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ERIC J. PAYNE | § | |
| | § | CAUSE NO. 5:07cv162 |
| v. | § | |
| | § | JUDGE FOLSOM/ |
| JOHN MCHUGH, SECRETARY OF THE | § | MAGISTRATE JUDGE EVERINGHAM |
| ARMY | § | (JURY DEMANDED) |
| | § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on April 5, 2010, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    COUNSEL FOR THE PARTIES**

Plaintiff:    STEVEN E. CLARK
Texas Bar No. 04294800
ZAC DUFFY
State Bar No. 24059697

Kennedy Clark & Williams, PC
1700 Pacific Ave., Suite 1280
Dallas, Texas 75201
(214) 979-1122
(214) 979-1123 (fax)

Defendant:    Thomas E. Gibson
Assistant U.S. Attorney
Texas Bar No. 07875450
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1436 (fax)
tom.gibson@usdoj.gov

Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201

(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

B.     **STATEMENT OF JURISDICTION**

This Court may exercise subject matter jurisdiction over Plaintiff's claims because they arise under a statute of the United States. *See* 28 U.S.C. § 1331. Specifically, the claims that Plaintiff asserts arise under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and the Age Discrimination in Employment Act (ADEA) (as applicable to employees of the federal government), 29 U.S.C. § 633a.[1] Federal jurisdiction is not disputed.

The parties dispute whether Plaintiff is entitled to a jury on his claim of disability discrimination under the Rehabilitation Act. Defendant has filed a motion to strike Plaintiff's jury demand on the Rehabilitation Act claim (Docket No. 72). The parties agree that Plaintiff is not entitled to a jury on any claim under the Age Discrimination in Employment Act, as applicable to federal employees.

C.     **NATURE OF ACTION**

This is an employment case in which the Plaintiff, Eric Payne, alleges that his employment at the Red River Army Depot was wrongly terminated after he failed a drug test at the Depot. Mr. Payne asserts that he was taking a legally-prescribed medication, and that this drug caused a positive result on the drug test. Plaintiff alleges that his removal from employment was discrimination based on a disability and in retaliation for his earlier filing of a claim of age discrimination with the Depot's Equal Employment Opportunity office. Defendant disagrees with these allegations and asserts that the removal from employment was based on the

---

[1] The Army does not waive its contention that Payne's retaliation claim should be dismissed as a matter of law because it was brought under Title VII and Payne never pleaded an ADEA claim. *See* Defendant's Motion for Summary Judgment on Discrimination and Retaliation Claims (doc. 54) at 24-25.

positive drug test and use of illegal drugs. Plaintiff seeks reinstatement to his position as a firefighter/EMT, together with back pay, front pay, interest and attorneys' fees and expenses.

**D.   CONTENTIONS OF THE PARTIES**

**1.   Plaintiff's contentions:**

Plaintiff alleges that he was removed from his position as a Firefighter/EMT at the Red River Army Base in Texarkana, Texas due to the following (1) retaliation for filing a complaint for age discrimination against base personnel and (2) disability discrimination related to his anxiety disorder.

Plaintiff contends that he was taking a prescription drug, Marinol, immediately prior to a routine urinalysis examination, that the Marinol in his system allegedly caused him to fail the urinalysis examination for the presence of THC, that he proffered sufficient evidence to the Army to prove the test result was caused by Marinol instead of Marijuana, but that the Army proceeded with removal because of (1) and (2) above. Plaintiff further contends that Defendant's personnel were aware of his anxiety disorder and that he was taking Marinol at the time the decision was made to terminate his employment.

**2.   Defendant's contentions:**

Defendant contends that the decision to remove Payne from employment at the Red River Army Depot was based on his failure of a random drug test and taking an illegal drug. Defendant contends that the decision to remove Payne from employment at the Depot was not related to any alleged disability that Payne claims, and also that Payne is not disabled within the meaning of the controlling law.

Defendant also contends that Payne's removal in December 2006 was not related to the complaint of age discrimination that Payne filed with the Depot's EEO office in February 2005.

Defendant further contends that Payne did not engage in a protected activity by filing the age-discrimination claim because Payne did not have a reasonable belief that he could pursue an age-discrimination claim when he was 38 years old at the time — below the minimum age for making such a claim.

Defendant also contends that Payne has not suffered any damages related to the ending of his employment at the Red River Army Depot.

**E.    STIPULATIONS AND UNCONTESTED FACTS**

1. The Red River Army Depot is operated by the United States Army and primarily operates to refurbish, store, and ship Army vehicles, as well as to distribute materiel to military personnel worldwide.

2. Eric Payne was employed as a firefighter and Emergency Medical Technician ("EMT") at the Red River Army Depot in Texarkana, Texas. He began working at the Depot in July of 2001. Prior to starting his work at the Depot, he filled out a form Questionnaire for Non-Sensitive Positions and Declaration for Federal Employment.

3. As a condition of his employment as a firefighter and EMT, Payne was required to take random drug tests, as were all persons employed as firefighters at the Depot. The Red River Army Depot has a no tolerance policy for use of illegal drugs by federal government employees.

4. On December 1, 2004, Payne and another worker had a physical fight on the grounds of the Red River Army Depot. After this fight both Payne and the other worker were interviewed by security personnel at the Depot.

5. In January of 2005, Payne submitted a written claim to the Depot alleging that he was discriminated against on the basis of his age. He alleged that the other worker involved in the

fight was treated better by Depot personnel investigating the fight than he (Payne) was. The claim was denied as Payne was under 40 years old, which is the minimum age required before a claim of age discrimination can be considered.

6.  Both Payne and the other worker involved in the fight were suspended from employment at the Red River Army Depot for a period of time as discipline for their involvement.

7.  On May 31, 2006 Eric Payne was required to undergo a random drug test. The urine sample he initially provided was not in the correct temperature range, and in accordance with policy Payne had to provide a second sample under observation. Both urine samples were sent to the Forensic Toxicology Drug Testing Laboratory at Fort Meade, Maryland, where they underwent testing. The first sample was found not to be valid as it was diluted; the second sample was found to be positive for the presence of THC, the metabolite of marijuana.

8.  On July 3, 2006 the fire chief of Red River Army Depot informed Payne that the chief was proposing removing Payne from federal employment based upon the positive drug test results. While the proposed removal was pending Payne was placed on administrative leave with full pay.

9.  On November 30, 2006, Payne was notified that the final decision had been made to remove him from employment at the Red River Army Depot. He was removed from employment at the Depot effective December 7, 2006.

10. Payne filed an appeal of the decision to remove him from employment with the Merit Systems Protection Board. The Board affirmed Payne's removal from employment with the Depot, finding that the Army had shown by a preponderance of the evidence that Payne used an illegal drug, that Payne was not disabled as a matter of law, and that Payne did not show any link

between his filing of an EEO complaint and the Army's decision to remove him from employment.

11.     Since leaving employment with the Depot Payne has worked for two different companies in Alaska. He currently works with Chugach Management Services, Inc. in Alaska, and as of November 2008 he was making $34.50 per hour.

**F.     CONTESTED ISSUES OF FACT AND LAW**

1.     Whether Payne was disabled under the Rehabilitation Act.

2.     Whether the Army removed Payne from employment in December 2006 solely because he had a disability within the meaning of the Rehabilitation Act.

3.     Whether Payne's claim of retaliation should be dismissed because Title VII does not afford a cause of action for retaliation based on age discrimination.

4.     Whether Payne's retaliation claim fails as a matter of law because he did not have a reasonable belief that he was within the protections of the Age Discrimination in Employment Act at the time he filed his age complaint because he was less than 40 years old at that time.

5.     Whether the Army removed Payne from employment as a firefighter in December 2006 because he had filed a complaint of age discrimination with the Army's EEO office in February 2005.

6.     Whether Payne has incurred any damages as a result of any alleged discrimination and, if so, the types of damages allowed under law and described in discovery in this case, and the nature and extent of those alleged damages.

7.     Whether Payne has failed to mitigate any alleged damages after he left employment with the Red River Army Depot.

**G.   LIST OF WITNESSES**

See Plaintiff's trial Witness List, attached to this Joint Pretrial Order as Exhibit A.

See Defendant's trial Witness List, attached to this Joint Pretrial Order as Exhibit B.

**H.   LIST OF EXHIBITS**

See Plaintiff's trial Exhibit List, attached to this Joint Pretrial Order as Exhibit C.

See Defendant's trial Exhibit List, attached to this Joint Pretrial Order as Exhibit D.

**I.   LIST OF ANY PENDING MOTIONS**

1. Defendant's Motion for Summary Judgment on Discrimination and Retaliation Claims (Docket No. 54);

2. Defendant's Motion to Strike Evidence in Plaintiff's Surreply (Docket No. 63); and,

3. Defendant's Motion to Strike Plaintiff's Jury Demand (Docket No. 72).

**J.   PROBABLE LENGTH OF TRIAL**

Plaintiff estimates that the probable length of trial is three days.

Defendant estimates that the probable length of trial is two days.

**K.   MANAGEMENT CONFERENCE LIMITATIONS**

No limitations were set upon trial at the management conference for this case.

**L.   CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:


Attorneys for Plaintiff Eric Payne:

Kennedy Clark & Williams, PC


s/ Steven E. Clark
STEVEN E. CLARK
Texas Bar No. 04294800

ZAC DUFFY
State Bar No. 24059697

Kennedy Clark & Williams, PC
1700 Pacific Ave., Suite 1280
Dallas, Texas  75201
(214) 979-1122
(214) 979-1123 (fax)

ATTORNEYS FOR PLAINTIFF
ERIC PAYNE



Attorneys for Defendant~~(s)~~
JOHN M. BALES
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS


    /s/
By:  Thomas E. Gibson
Assistant U.S. Attorney

Texas Bar No. 07875450
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1436 (fax)
tom.gibson@usdoj.gov

Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

ATTORNEYS FOR DEFENDANT JOHN MCHUGH, SECRETARY OF THE ARMY

**SIGNED this 5th day of April, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE