IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ERIC J. PAYNE, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:07-CV-162-DF |
| | § | |
| JOHN McHUGH, Secretary of the Army, | § | |
| | § | |
| **Defendant.** | § | |

**O R D E R**

Before the Court are Defendant's Objections (Dkt. No. 96) to the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 90) on Defendant's Motion for Summary Judgment (Dkt. No. 54). Also before the Court is Plaintiff's response to Defendant's objections. Dkt. No. 100.

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. Dkt. No. 103. Also before the Court is Defendant's response. Dkt. No. 104.

Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's motion for leave should be DENIED and Defendant's objections should be SUSTAINED IN PART and OVERRULED IN PART. Defendant's motion for summary judgment should be GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

Plaintiff alleges age and disability discrimination during his service for Defendant as a firefighter and emergency medical technician ("EMT"). *See* 8/5/2008 First Amended Complaint, Dkt. No. 23 at ¶¶ 32-41. Plaintiff also alleges that Defendant removed him from service in

1

retaliation for his filing of an Equal Employment Opportunity complaint (the "EEO Complaint"). Plaintiff appealed his removal to the Merit Systems Protection Board ("MSPB"), which upheld the removal. *Id.* at ¶ 22. The above-captioned case has been set for bench trial in this Court beginning June 14, 2010. *See* 4/13/2010 Order, Dkt. No. 98.

The Court previously referred the above-captioned case to United States Magistrate Judge Charles Everingham IV for pretrial purposes pursuant to 28 U.S.C. § 636 and the local rules for the assignment of duties to United States magistrate judges. Defendant moved for summary judgment on Plaintiff's First Cause of Action, which challenged the MSPB ruling. Dkt. No. 45. By Report and Recommendation, Judge Everingham recommended granting that motion. Dkt. No. 69. No objections were filed, and this Court adopted Judge Everingham's Report and Recommendation and granted Defendant's motion for summary judgment on February 8, 2010. *See* Dkt. No. 73.

Defendant now moves for summary judgment on Plaintiff's Second Cause of Action, which alleges disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and Plaintiff's Third Cause of Action, which alleges retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. *See* Dkt. No. 54; *see also* Dkt. No. 23 at ¶¶ 1 & 32-41. Judge Everingham entered a Report and Recommendation (the "R&R") on Defendant's motion on March 31, 2010, recommending that Defendant's motion be denied. Dkt. No. 90.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 72(b), the Court reviews the magistrate's report and recommendation on a dispositive motion *de novo*.

**A. Plaintiff's Motion for Leave to File Second Amended Complaint**

Defendant argues that the R&R should have dismissed Plaintiff's retaliation claim because the alleged age discrimination is not actionable under Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* at 7. Defendant also submits that despite being alerted to this issue when Defendant filed his motion for summary judgment, Plaintiff did not move to amend. *Id.* at 8. After Defendant filed his objections, Plaintiff filed a motion to amend his complaint, which Defendant opposes. *See* Dkt. Nos. 103 & 104.

In moving for leave and in responding to Defendant's objections, Plaintiff argues that he "has consistently argued that the Court should view his claim as being brought under the ADEA [(Age Discrimination in Employment Act)] because it is sufficient to satisfy the liberal pleading standards established by Rule 8 . . . ." Dkt. No. 100 at 2 (citing Dkt. No. 59 at 11); Dkt. No. 103 at 1 (same). Plaintiff also submits that the Joint Final Pretrial Order includes an ADEA claim. *Id.*

Defendant responds that Plaintiff fails to show good cause for amendment pursuant to Rule 16(b). Dkt. No. 104 at 2-3. Defendant also notes that the Joint Final Pretrial Order includes a footnote to preserve Defendant's objection to Plaintiff's assertion of any ADEA claim. *Id.* at 4-5 (citing Dkt. No. 95 at 2 n.1).

Pursuant to Rule 16(b), Plaintiff must show that despite diligence he could not have reasonably met the July 10, 2009 deadline for amending pleadings. *See* Dkt. No. 37 at ¶ 2. In determining whether Plaintiff has shown good cause, the court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

3

prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citations and quotation marks omitted).  Plaintiff has not addressed these factors.  *See* Dkt. No. 103.

First, as to explanation, Plaintiff was on notice of the deficiency in his pleading no later than the filing of Defendant's motion for summary judgment on November 5, 2009.  *See* Dkt. No. 54 at 24-25.  Although that November 2009 motion was filed after the July 10, 2009 deadline for amending pleadings, Plaintiff provides no explanation for waiting another five months, until after the Final Pretrial Conference, to move for leave to amend to add an ADEA claim.  This first factor therefore weighs against granting leave to amend.

Second, as to importance, denying leave to amend would entirely foreclose Plaintiff's age discrimination claim.  This second factor therefore weighs in favor of granting leave to amend.  Third, allowing amendment would cause substantial prejudice by forcing Defendant to defend against a previously deficient claim with less than a month left before the current trial setting.  This third factor therefore weighs against granting leave to amend.  Fourth, a continuance would be available, particularly because the above-captioned case will not be tried to a jury, but a continuance would unnecessarily delay this case, which has already been pending for almost two and a half years.  This fourth factor is therefore neutral.

On balance, Plaintiff has failed to show good cause for leave to amend, particularly because Plaintiff fails to even raise or address these factors.  Plaintiff's motion for leave to amend should therefore be DENIED.

B.  **Defendant's Objections to the Report and Recommendation**

    (1) Age Discrimination Retaliation

Defendant argues that even if Plaintiff's Third Cause of Action for age discrimination retaliation is procedurally proper, it fails on the merits. Dkt. No. 96 at 8-11. The Court has found in Section II.A, above, that Plaintiff's motion for leave to amend to add an ADEA claim should be denied. Plaintiff's current pleading alleges retaliation based on age discrimination in violation of Title VII. Dkt. No. 23 at ¶¶ 38-41. Because age discrimination is not actionable under Title VII, Plaintiff's retaliation claim fails as a matter of law. *See Lowrey v. Texas A&M Univ. Sys,* 117 F.3d 242, 249 (5th Cir. 1997) ("Title VII prohibits retaliation only against individuals who oppose discriminatory employment practices or participate in complaints or investigations of employment practices prohibited by title VII"); *Wakefield v. Children's Hosp.*, 2008 WL 3833798, at *4 (S.D. Ohio Aug. 13, 2008) ("Title VII-protection does not extend to age discrimination."); *cf. Kurth v. Gonzales*, 469 F. Supp. 2d 415, 424-25 (E.D. Tex. 2006) (noting that Title VII only prohibits discrimination based on "race, color, religion, sex, or national origin" and dismissing plaintiff's Title VII claims, which alleged *disability* discrimination) (emphasis omitted). The Court therefore does not reach the merits, and Defendant's motion for summary judgment should be GRANTED as to Plaintiff's Third Cause of Action for age discrimination retaliation.

    (2)  Reassignment Action

Defendant submits that evidence about a certain reassignment action should not have been considered because: (1) the officials who purportedly knew about Plaintiff's complaint were not the decisionmakers that terminated Plaintiff; (2) evidence of purported talk around the

"firehouse" about Plaintiff's complaint "was too speculative to create a fact issue"; and (3) Plaintiff failed to show "*when* these alleged 'firehouse discussions' took place," which Defendant argues is critical because Plaintiff was not terminated until 22 months after he filed his complaint. Dkt. No. 96 at 9-11. Plaintiff's response incorporates his response to Defendant's motion for summary judgment. Dkt. No. 100 at 1 (citing Dkt. No. 59).

The Court has found in Section II.A, above, that Plaintiff's motion for leave to amend to add an ADEA claim should be denied. Plaintiff's current pleading alleges retaliation based on age discrimination in violation of Title VII. Dkt. No. 23 at ¶¶ 38-41. Because age discrimination is not actionable under Title VII, as noted in Section II.B(1), above, the Court does not reach the merits of Plaintiff's age discrimination retaliation claim, including any alleged retaliation by reassignment. To whatever extent Plaintiff has alleged a separate claim for the reassignment action, that claim is not included in the Final Pretrial Order and therefore is not a live claim in the above-captioned case. *See* Dkt. No. 95. Further, Plaintiff has not made any showing of exhaustion, instead arguing that the reassignment is simply "additional evidence that [Defendant] had improper motivations when it removed [Plaintiff] from service." Dkt. No. 59 at 5. Defendant's motion for summary judgment should therefore be GRANTED as to any separate claim purportedly arising out of Plaintiff's reassignment.

(3) Reporting Action

The R&R found a genuine issue of material fact as to Plaintiff's termination claim based in part on purportedly false information that Defendant's personnel reported to the State of Texas EMT Board after Plaintiff filed his complaint. Dkt. No. 90 at 6.

First, Defendant submits that Plaintiff has not exhausted his administrative remedies for

this alleged false reporting and, moreover, "[t]here is no evidence that the [reporting] had anything to do with [Plaintiff's] termination." Dkt. No. 96 at 11. Defendant further submits that "[t]he undisputed evidence instead shows that [Plaintiff] was terminated because he tested positive for illegal drug use." *Id.* at 11-12. Second, Defendant submits that "it is undisputed that the only two personnel office employees who were involved in [the reporting] were Johnnie High and Ivaria Bursey, neither of whom even knew at the time of the [reporting] that [Plaintiff] had earlier filed an EEO complaint." *Id.* at 12. Third, Defendant argues that the lapse of 11-14 months between Plaintiff's EEO Complaint and the purported false reporting action is "too great to support an inference of causation." *Id.* Fourth, Defendant urges that although Plaintiff argued Defendant falsely reported that Plaintiff had been fired from Weyerhaeuser Paper even after Plaintiff provided a letter from Weyerhaeuser affirming that Plaintiff had never worked there, Plaintiff improperly relied on "an unauthenticated hearsay letter." *Id.* at 12-13.

Plaintiff's response incorporates his response to Defendant's motion for summary judgment. Dkt. No. 100 at 1 (citing Dkt. No. 59).

The Court has found in Section II.A, above, that Plaintiff's motion for leave should be denied. Plaintiff's current pleading alleges retaliation based on age discrimination in violation of Title VII. Dkt. No. 23 at ¶¶ 38-41. Because age discrimination is not actionable under Title VII, as noted in Section II.B(1), above, the Court does not reach the merits of Plaintiff's age discrimination retaliation claim, including any retaliation by purported false reporting. To whatever extent Plaintiff has alleged a separate claim for the reporting action, that claim is not included in the Final Pretrial Order and therefore is not a live claim in the above-captioned case. *See* Dkt. No. 95. Further, Plaintiff has not made any showing of exhaustion, instead arguing that

the purported false reporting is simply "additional evidence that [Defendant] had improper motivations when it removed [Plaintiff] from service." Dkt. No. 59 at 5. Defendant's motion for summary judgment should therefore be GRANTED as to any separate claim purportedly arising out of the alleged false reporting action.

(4)  Disability Discrimination

Defendant argues that as a matter of law, Plaintiff was not disabled because "[Plaintiff's] anxiety problems did not substantially limit a major life activity." Dkt. No. 96 at 14. Defendant also submits that Plaintiff has no evidence of pretext for the termination. *Id.* at 15. Defendant concludes that Plaintiff's Second Cause of Action for disability discrimination fails as a matter of law. *Id.* Plaintiff's response incorporates his response to Defendant's motion for summary judgment. Dkt. No. 100 at 1 (citing Dkt. No. 59).

The R&R found that "[a]lthough the question is close, the plaintiff has raised genuine issues of material fact sufficient to support a fact finder's determination that [Plaintiff] suffered disability discrimination." Dkt. No. 90 at 8. In particular, the R&R found that "a fact finder could credit [Plaintiff's] testimony and evidence that the positive drug test was caused by [the prescription drug] Marinol and that the proffered reason for his termination was merely a pretext for disability discrimination." *Id.* Plaintiff has presented evidence regarding disability, *see* Dkt. No. 59 at 5-8, and the R&R properly found genuine issues of material fact. Defendant's motion for summary judgment should be **DENIED** as to Plaintiff's Second Cause of Action for disability discrimination.

## III.  CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 103) is hereby **DENIED**.

Defendant's Objections to the Report and Recommendation of the United States Magistrate Judge on Defendant's Motion for Summary Judgment (Dkt. No. 96) are hereby **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Report and Recommendation (Dkt. No. 90) is hereby **VACATED IN PART** as to Plaintiff's Third Cause of Action for age discrimination retaliation, as set forth above.  The Report and Recommendation is otherwise hereby **ADOPTED**.

Defendant's Motion for Summary Judgment (Dkt. No. 54) is hereby **GRANTED IN PART** and **DENIED IN PART**.  Specifically, Defendant's motion is hereby **GRANTED** as to Plaintiff's Third Cause of Action for age discrimination retaliation; **GRANTED** as to any separate claim purportedly arising out of Plaintiff's reassignment; **GRANTED** as to any separate claim purportedly arising out of the alleged false reporting action; and **DENIED** as to Plaintiff's Second Cause of Action for disability discrimination.

Any relief not specifically granted herein is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of May, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE